CLD-106                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2471
_____

In re:  THOMAS  OLICK,
                                        Debtor

THOMAS W. OLICK,
                                                Appellant

v.

NORTHAMPTON COUNTY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 5-15-cv-00434)
District Judge:  Honorable William H. Yohn, Jr.

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 14, 2016
Before:  FISHER, JORDAN, and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 29, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Thomas Olick, proceeding pro se, appeals an order of the United States District Court for the Eastern District of Pennsylvania affirming an order of the United States Bankruptcy Court, which sua sponte dismissed his amended complaint because it duplicated claims raised in a prior adversary proceeding. For the reasons that follow, we will affirm the judgment of the District Court.

Olick filed a Chapter 13 bankruptcy petition in 2007. The Chapter 13 plan was confirmed and Olick received a discharge in March 2012. In July 2012, Northampton County issued a tax sale notice for two properties. One property, owned by Olick, contains a residential structure that he leased to tenants (the Rental Property). The other property, which was titled in the name of the Olick Family Trust, is a vacant lot (the Lot Property). In October 2012, Olick filed an adversary complaint in Bankruptcy Court, docketed at Adversary No. 12-631, alleging that the County was impermissibly trying to collect taxes on those properties which had been resolved in the bankruptcy proceedings.[1] The Bankruptcy Court granted the County's motion for summary judgment, holding that there were no disputed issues of material fact and that, "as a matter of law, the County's actions did not violate [Olick's] chapter 13 plan." In re Olick, 517 B.R. 549, 550-51 (Bankr. E.D. Pa. 2014). The District Court affirmed the Bankruptcy Court's decision. Olick appealed, and the matter was docketed in this Court at C.A. No. 15-2483.

---

[1] During those proceedings, the parties entered into a settlement, which provided that the County would not take any action to collect real estate taxes on the Rental Property that were due as of the date of filing of the Chapter 13 petition (pre-petition taxes). The Lot Property was not made part of the bankruptcy estate.

2

Meanwhile, in July 2014, the County again issued tax sale notices for the Rental Property and the Lot Property. In response, Olick filed another adversary complaint, docketed at 14-325, which he later sought to amend. The Bankruptcy Court granted the motion to amend, but cautioned that "if [the amended complaint] is duplicative of the litigation in Adv. No. 12-631 or otherwise fails to state a claim, [the Court] will dismiss the amended complaint sua sponte." After Olick filed the amended complaint, the Bankruptcy Court held a hearing at which Olick attempted to explain why his current claims were different from those that had been rejected in Adversary No. 12-631. Ruling from the bench, the Bankruptcy Court dismissed Adversary No. 14-325. Olick filed a motion to obtain a transcript of the hearing. The Bankruptcy Court denied that motion by order dated January 6, 2015, but explained its reason for the dismissal, stating that "the Amended Complaint duplicates the claims raised in a prior adversary proceeding [Olick] brought against the same Defendant, Adv. No. 12-631." On appeal, the District Court affirmed the Bankruptcy Court's Order. Olick appealed.

We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1). Our review of the District Court's decision "effectively amounts to review of the bankruptcy court's opinion in the first instance." In re Roth Am., Inc., 975 F.2d 949, 952 (3d Cir. 1992) (quoting In re Sharon Steel Corp., 871 F.2d 1217, 1222 (3d Cir. 1989)). We review the Bankruptcy Court's legal determinations de novo and its factual findings for clear error. See In re Pittsburgh & Lake Erie Props., Inc., 290 F.3d 516, 519 (3d Cir. 2002); In re Nortel Networks, Inc., 669 F.3d 128, 137 (3d Cir. 2011).

3

Res judicata bars claims that were actually litigated or could have been litigated in the prior action.  See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); see also Katchen v. Landy, 382 U.S. 323, 334 (1966) ("The normal rules of res judicata and collateral estoppel apply to the decisions of bankruptcy courts.").  For res judicata to apply, a defendant must show that there has been "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action."  United States v. Athlone Indus., Inc., 746 F.2d 977, 983 (3d Cir. 1984); see also In re Montgomery Ward, LLC, 634 F.3d 732, 736-37 (3d Cir. 2011).  "In deciding whether two suits are based on the same 'cause of action,' we take a broad view, looking to whether there is an 'essential similarity of the underlying events giving rise to the various legal claims.'"  CoreStates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 194 (3d Cir. 1999) (citing Athlone Indus., 746 F.2d at 984).

The County has demonstrated that all three requirements are met here.  First, there is a final judgment on the merits in Adversary No. 12-631; second, Olick named the County as a defendant both here and in Adversary No. 12-631; and, third, the present complaint and the complaint in Adversary No. 12-631 both arise from the County's attempts to collect taxes on the Rental Property and the Lot Property.  Olick attempts to distinguish the causes of action in the adversary proceedings by noting that the amended complaint in Adversary No. 14-325 refers to the tax sale notices issued in 2014.  This argument is unavailing.  In particular, the 2014 tax sale notices do not undermine the "essential similarity of the underlying events giving rise to the various legal claims."  Id.

4

at 194 (citation omitted).  The underlying events are the County's efforts to collect delinquent taxes.  We take judicial notice that the issue whether the County can collect pre-petition taxes on the Rental Property has been resolved in Olick's favor.  See In re Olick, 517 B.R. 549, 556-57 (Bankr. E.D. Pa. 2014).  In addition, there is no disputed issue of fact that the County's 2012 collection efforts by way of a tax sale were limited to post-petition delinquent taxes.  Id. at 559.  Here, the Bankruptcy Court properly determined that the 2014 tax notices, like those in 2012, did not encompass pre-petition taxes.  Therefore, res judicata bars Olick's claims.

For these reasons, we will affirm the District Court's judgment.[2]

---

[2] Olick's motion for transcripts is denied.